IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

IN RE: TOJA RENEE BLAIR,         CASE NO. 3:26-bk-11814
*Pro Se* Debtor                          Chapter 13

## **ACTING UNITED STATES TRUSTEE'S MOTION TO DISMISS**

Comes the Acting United States Trustee by the undersigned counsel, and for his Motion to Dismiss, respectfully states and alleges:

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and Local Rule 83.1 of the District Court.

2. The captioned case was commenced on May 6, 2026, by the filing of a voluntary petition under Chapter 13 of the United States Bankruptcy Code by the *Pro Se* Debtor, Toja Renee Blair.

3. At the time the Debtor's bankruptcy petition was filed, the *Pro Se* Debtor filed a Certificate of Credit Counseling; however, the Certificate of Credit Counseling is invalid as it was not obtained from an approved agency within 180-day period preceding the filing of the petition. Additionally, the *Pro Se* Debtor did not file a certification of exigent circumstances pursuant to 11 U.S.C. §109(h)(3); or a request for determination by the Court of a waiver of credit counseling under 11 U.S.C. §1009(h)(4) due to incapacity, disability or military service.

4. Pursuant to 11 U.S.C. § 109(h), an individual may not be a debtor unless, during the 180-day period preceding the filing of the petition, the debtor received from an approved nonprofit budget and credit counseling agency a briefing that outlined the opportunities for available credit counseling and assisted the individual in performing a related budget analysis.

5. Pursuant to 11 U.S.C. § 521(b)(1), a debtor shall file with the Court a counseling certificate from the approved agency that provided the briefing and related budget analysis

required pursuant to § 109(h). Pursuant to Interim Bankruptcy Rule 1007(b)(3) and (c), the Debtor must file with a voluntary petition either the Certificate of Credit Counseling; a "certification" under 11 U.S.C. §109(h)(3); or a request for a determination by the Court under 11 U.S.C. §109(h)(4) requesting a waiver of the credit counseling requirement due to incapacity, disability or a military service in a combat zone.

6. As of the filing of this motion, a valid credit counseling certificate has not been filed with the Court. Either the credit counseling has occurred, in which case the appropriate certificate is available, or the counseling has not occurred, and the *Pro Se* Debtor is ineligible for bankruptcy relief.

7. The *Pro Se* Debtor's failure to obtain valid pre-petition credit counseling and failure to certify factors that would merit a deferral of the credit counseling requirements means that the Debtor is not eligible to be a debtor under the Bankruptcy Code. See, In re Dixon, 338 B.R. 383 (8th Cir. BAP 2006).

8. For the reasons stated above cause exists pursuant to 11 U.S.C. §707(a) for dismissal of the Debtor's bankruptcy case.

WHEREFORE, the Acting United States Trustee respectfully requests the entry of an order dismissing the Chapter 13 case; and all other proper relief to which he may be entitled.

Respectfully submitted,

JERRY L. JENSEN
ACTING UNITED STATES TRUSTEE

By:  /s/ Joseph A. DiPietro

JOSEPH A. DiPIETRO, Bar No. 98004
Trial Attorney
200 West Capitol Avenue, Suite 1200
Little Rock, AR 72201-3618
Telephone: (501) 324-7357
Email: Joseph.A.DiPietro@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 6, 2026, I served a copy of the foregoing pleading on the following attorneys and parties in interest by depositing it in the United States mail with sufficient postage affixed, or by electronically filing the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system.

Toja Renee Blair, *Pro Se* Debtor
220 Lakewood Street
Blytheville, AR  72315

Mark T. McCarty
Chapter 13 Panel Trustee
P.O. Box 5006
N. Little Rock, AR  72119-5006

/s/ Joseph A. DiPietro

Joseph A. DiPietro